IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **ADONIAS SALES TEMAJ,** | : | |
| | : | |
| **Movant,** | : | |
| | : | **No. 3:21-CR-19-3 (CAR)** |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |

**ORDER ON MOTION TO FILE OUT-OF-TIME APPEAL AND MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Currently before the Court are Movant Adonias Sales Tamaj's *pro se* Motions to File Out-of-Time Appeal and to Appeal *In Forma Pauperis* ("IFP") this Court's denial of his Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Amendment 821). As explained below, Movant's Motion to File Out-of-Time Appeal [Doc. 382] is **GRANTED**, but his Motion for Leave to Appeal IFP [Doc. 385] is **DENIED**. Movant may file a notice of appeal within thirty (30) days of the date of this Order, but if Plaintiff wishes to appeal, he must pay the entire $605.00 appellate filing fee.

**A. Motion for Leave to File Out-of-Time Appeal**

On June 12, 2024, this Court denied Movant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Amendment 821) finding he was not eligible for a reduction under the § 4C1.1(a) of the United States Sentencing Guidelines ("U.S.S.G.") because he received an adjustment under U.S.S.G. § 3B1.1, and any further reduction

was not authorized pursuant to U.S.S.G. § 1B1.10(a)(2).[1] Federal Rule of Appellate Procedure 4(b) provides a 14-day period to file a notice of appeal in criminal cases.[2] Thus, Movant's 14-day period in which to file a notice of appeal expired on June 26, 2024. But Rule 4 also contemplates an additional 30-day period within which a defendant may file a notice of appeal:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).[3]

This additional 30-day period expired on July 26, 2024. Movant's motion was not docketed until July 29, 2024, three days after the July 26, 2024 deadline.

But a *pro se* prisoner's filing is deemed filed on the date the prisoner delivers it to prison authorities for mailing, and absent evidence to the contrary, the Court assumes a prisoner provided his filing to prison officials on the date he signed it.[4] Here, Movant signed his motion on July 24, 2024, two days before expiration of the 30-day deadline. Because Movant filed his motion within the permissible timeline, the Court must now consider whether he has established "excusable neglect or good cause."[5]

---

[1] Order Denying Motion for Sentence Reduction [Doc. 376].

[2] Fed. R. App. P. 4(b)(1)(A)(i). The 14-day period provided in Rule 4(b) applies to Movant's appeal because his motion for a sentence reduction is an extension of the underlying criminal case. *See United States v. Guyton*, 2023 WL 2604640, at *1 (11th Cir. March 22, 2023).

[3] Fed. R. App. P. 4(b)(4).

[4] *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

[5] Fed. R. App. P. 4(b)(4).

"In determining whether 'excusable neglect' occurred, [the court] consider[s] four factors: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith."[6] Movant states he was unable to timely file his appeal because the law library was not operational, there were no hard copy law books in the law library, and "misrepresentations made by staff at the Federal correctional Institution in Jesup, Georgia regarding when the computers will be available for use by inmates."[7] Thus, the Court will grant Movant's motion for an extension of time to file an appeal.

---

[6] *United States v. Divito*, 415 F. App'x 151, 152 (11th Cir. 2011) (per curiam); *see also United States v. Ruiz-Guifarro*, 469 F. App'x 805, 806 n. 2 (11th Cir. 2012) (per curiam) ("The 'excusable neglect' standard applies in situations in which there is fault, usually occasioned by something within the movant's control.") (citing Fed. R. App. P. 4 advisory committee's note to 2002 amendments).

[7] Motion for Out of Time Appeal, p. 2.

**A. Motion for Leave to Appeal IFP**

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."[8] In making a good faith determination, the Court must use an objective standard, such as whether the appeal is "frivolous,"[9] or "has no substantive merit."[10] The Court finds any appeal has no substantive merit, cannot be taken in good faith, and is frivolous. Thus, Movant's Motion to Appeal IFP is denied.

## CONCLUSION

As explained above, Movant's Motion to File Out-of-Time Appeal [Doc. 382] is **GRANTED**, but his Motion for Leave to Appeal IFP [Doc. 385] is **DENIED**. Movant may file a notice of appeal within thirty (30) days of the date of this Order, but if Plaintiff wishes to appeal, he must pay the entire $605.00 appellate filing fee.

**SO ORDERED,** this 10th day of November, 2026.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

[8] 28 U.S.C. § 1915(a)(3).

[9] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[10] *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 1981) (*per curiam*). In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before September 30, 1981.